UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CURB MOBILITY, LLC,<br><br>　　　　　Plaintiff,<br>　v.<br>KAPTYN, INC., *et al.*,<br><br>　　　　　Defendants. | Case No. 2:18-cv-02416-MMD-EJY<br><br>ORDER |

## I.   SUMMARY

The Court granted a motion for judgment on the pleadings in favor of Defendants[1] on Plaintiff's patent infringement claim. Before the Court are Defendants' Motion for Attorney Fees and Expenses ("Defendants' Motion") (ECF No. 65) and Plaintiff's Motion to Strike Affidavit ("Plaintiff's Motion") (ECF No. 73).[2] For the reasons explained below, the Court will deny Defendants' Motion on the merits and deny Plaintiff's Motion as moot.[3]

## II.   BACKGROUND

Plaintiff Curb Mobility, LLC sued Defendants for allegedly infringing its patent, U.S. Patent No. 6,347,739 (the "'739 Patent"), which covers a system and method for accepting credit cards in taxicabs. (ECF No. 40 at 1.) Defendants filed a motion to dismiss the complaint. (ECF No. 21.) Plaintiff filed a First Amended Complaint ("FAC") (ECF No. 23), which Defendants then moved to dismiss (ECF No. 33). Both motions to dismiss essentially argued that Plaintiff insufficiently alleged infringement and compliance with the

---

[1] Defendants are Kaptyn, Inc., Triad Transportation Technologies, LLC, Whittlesa Blue Cab Company, and Desert Cab, Inc.'s.

[2] Defense counsel submitted a supplemental affidavit (ECF No. 72) in support of Defendants' Motion. Plaintiff's Motion seeks to strike the affidavit.

[3] The Court has also reviewed the parties' underlying briefs for both motions. (ECF Nos. 68, 69, 74, 75.)

marking requirement under 35 U.S.C. § 278. (ECF No. 21 at 3, 4, 6; ECF No. 33 at 4, 5, 7.) The Court denied both motions. (ECF Nos. 39, 40.)

Defendants later filed a motion for judgment on the pleadings (the "MJP") (ECF No. 47), arguing for the first time that the '739 Patent is not a valid patent under 35 U.S.C. § 101. Prior to the MPJ, Defendants did not send any warning letter to Plaintiff setting forth its position under § 101, and the validity of the '739 Patent had never been litigated or subject to an *inter partes* review during the Patent's nearly 20-year life span. (ECF No. 68 at 3, 6, 8-9.)[4] The Court later granted the MJP.[5] (ECF No. 62 at 1.) Defendants now move to recover their attorneys' fees and expenses.[6] (ECF No. 65.)

### III. LEGAL STANDARD

Defendants claim they are entitled to reasonable attorneys' fees as the prevailing party under 35 U.S.C. § 285. (*Id.* at 1.) Section 285 of the Patent Act allows for courts to award reasonable fees to the prevailing party in "exceptional cases." 35 U.S.C. § 285. In *Octane Fitness, LLC v. ICON Health & Fitness, Inc.* ("*Octane*"), 572 U.S. 545 (2014), the Supreme Court held that "an 'exceptional case' is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane* further urges "[d]istrict courts [to] determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances."[7] *Id.* Furthermore, a party must prove its § 285 motion by a preponderance

---

[4]Defendants do not dispute these facts. (*See generally*, ECF No. 69.)

[5]Under the two-step analysis in *Alice Corp. Pty. v. CLS Bank Int'l*, 573 U.S. 208, 216 (2014), the Court found that: (Step One) the '739 Patent is directed to an abstract idea—the longstanding commercial practice of paying for public transit, here, paying for a taxicab with a credit card; and (Step Two) there is nothing inventive about the '739 Patent—a mere assemblage of admittedly known components—that makes it patent-eligible. (ECF No. 62 at 6.)

[6]These expenses include expert fees, travel expenses, translation services, and document services. (ECF No. 65 at 17.)

[7]A nonexclusive list of factors that courts may consider is "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and

2

of the evidence. *Octane*, 572 U.S. at 557. Thus, the Court must determine whether this was an "exceptional case," considering the totality of the circumstances under a preponderance of the evidence standard, to determine whether Defendants have satisfied its burden of showing it is entitled to recover its attorneys' fees and expenses.

## IV. DISCUSSION

Defendants' Motion in gist contends that Plaintiff's case was exceptionally meritless given that: (1) a plethora of post-*Alice* cases clearly invalidated the '739 Patent as a non-inventive, abstract idea; and (2) Plaintiff's conclusory and vague arguments had no evidentiary support.[8] (ECF No. 65 at 6-11; *see also* ECF No. 69 at 6-7.) While the Court was persuaded by Defendants' § 101 arguments, the Court denies Defendants' Motion because it is not persuaded that this was an exceptional case.[9] *See Octane*, 572 U.S. at 548 (internal quotation marks and citation omitted) (cautioning that fee awards are not to be used as a "penalty for failure to win a patent infringement suit"). As this Court has previously noted, "[w]inning a § 101 argument on a motion to dismiss does not automatically entitle the prevailing party to its fees *without more*," which Defendants have not shown here. *Glob. Cash Access, Inc. v. NRT Tech. Corp.* ("*Global*"), Case No. 2:15-cv-822-MMD-GWF, 2018 WL 4566678, at *3 (D. Nev. Sept. 24, 2018) (citation and internal quotes omitted; emphasis added).

For a case to be exceptionally meritless, "evidence of the frivolity of the claims must be reasonably clear." *Id.* at *3 (citation and internal quotes omitted); *see also Stone Basket*

---

the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 1756 n.6 (citations and internal quotes omitted).

[8]Defendants cite to *Rothschild Connected Devices Innovations, LLC v. Guardian Prot. Servs., Inc.* ("*Rothschild*"), 858 F.3d 1383, 1389 (Fed. Cir. 2017) for the proposition that a losing party's reliance on conclusory or unsupported statements makes a case exceptional. (ECF No. 65 at 11; ECF No. 69 at 5.) But Defendants misconstrue *Rothschild*. In that case, the Federal Circuit reversed a denial of a motion for attorneys' fees because, among other things, the district court erred in crediting conclusory and unsupported statements from the losing party. *Rothschild*, 858 F.3d at 1389.

[9]The parties do not dispute that Defendants are the prevailing party.

3

*Innovations, LLC v. Cook Med. LLC* ("*Stone*"), 892 F.3d 1175, 1181 (Fed. Cir. 2018) (holding that a district court can deny attorneys' fees where a losing party was not on "clear notice" that their claims were meritless); *Global*, 2018 WL 4566678, at *3 (citation and internal quotes omitted) ("Claims of baselessness are held to a high bar."). In making that determination, courts may also consider whether "a party was on notice of its frivolous litigating position based on information provided by the opposing party." *Stone*, 892 F.3d at 1181 (citation and internal quotes omitted); *see* also *id.* (noting that the movant's conduct is a relevant factor under *Octane's* totality-of-the-circumstances inquiry).

Here, Plaintiff was not on clear notice that its claims were meritless. Although Plaintiff's case may be weak, "a strong or even correct litigating position is not the standard by which we assess exceptionality." *Stone*, 892 F.3d at 1180 (citation and internal quotes omitted).[10] Furthermore, as Plaintiff points out—and Defendants do not dispute—(1) the validity of the '739 Patent has never been challenged in its nearly 20-year lifespan until this litigation; (2) Defendants did not challenge the '739 Patent's eligibility under § 101 until their third dispositive motion, the MJP; and (3) Defendants never sent any warning letter to Plaintiff setting forth its position under § 101. (ECF No. 68 at 3, 6, 8, 9.) Although Defendants argue that Plaintiff "cannot assert baseless infringement claim and must continually assess the soundness of pending infringement claims," Defendants do not offer any limiting principle. (*See* ECF No. 65 at 7-8 (quoting *Taurus IP, LLC v. DaimlerChrysler Corp.* ("*Taurus*"), 726 F.3d 1306, 1327 (Fed. Cir. 2013)).) Without one, the Court risks penalizing Plaintiff for not winning its infringement claim—the very thing *Octane*, 572 U.S. at 548, cautioned against. The Court is especially mindful that, because "§ 101 jurisprudence is still evolving post-*Alice*, . . . 'it is particularly important to allow attorneys the latitude necessary to challenge and thus solidify the legal rules without the

---

[10]The Court characterized the parties' dispute regarding *Alice* Step Two as "not a close call." (ECF No. 62 at 7.) Defendants refer to such characterization as evidence of the "utter weakness of [Plaintiff's] § 101 position" (ECF No. 69 at 7). Even if that were true, the Court's characterization does not indicate that Plaintiff's entire case was meritless or frivolous. (*See* ECF No. 68 at 11.)

chill of direct economic sanctions.'" (*Id.* at 13 (quoting *Gust, Inc., v. Alphacap Ventures, LLC*, 905 F.3d 1321, 1329 (Fed. Cir. 2018)).) In sum, the Court finds that Plaintiff's case was not meritless so as to render this case exceptional.[11]

Finally, the parties dispute whether Plaintiff engaged in exceptional misconduct that warrants attorneys' fees. (ECF No. 68 at 8-10; ECF No. 69 at 7-8.) This Court has previously found that a case is not exceptional where it lacks something beyond a § 101 victory, "such as egregious trolling behavior," "litigation misconduct," "evidence of [] bad faith in litigating this case, or evidence that [the plaintiff] clung to objectively baseless positions longer than any reasonable party should have." *Global*, 2018 WL 4566678, at *3. The Court agrees with Plaintiff that this case lacks the sort of misconduct identified in *Global*. (*See* ECF No. 68 at 10-11.) Defendants counter that Plaintiff clung to objectively baseless positions longer than any reasonable party should have. (ECF No. 69 at 4-5, 7; *see also* ECF No. 65 at 10.) However, for reasons already explained above, Defendants have not shown Plaintiff was on clear notice that its claims were meritless. Defendants also contend that Plaintiff relied on irrelevant evidence and conflated legal issues in an attempt to mislead the Court. (ECF No. 65 at 10; ECF No. 69 at 4-5.) But, without more, the Court can only find that Plaintiff was—at worst—not diligent. Finally, the Court is not persuaded by the cases that Defendants rely on in their § 285 motion, which either applied

---

[11]Plaintiff argues that, because a patent is presumptively valid under 35 U.S.C. § 282, it was reasonable for Plaintiff to rely on that presumption and litigate its '739 Patent. (ECF No. 68 at 11-12 (citing to *Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306, 1314, 1319 (Fed. Cir. 2019) (explaining that the district court erred in concluding that plaintiff's patents are not presumed patent-eligible for purposes of deciding a § 285 motion)).) Defendants argue that, when assessing whether claims satisfy § 101, there is no presumption of patent validity under *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 720 (Fed. Cir. 2014) (Mayer, J., concurring). (ECF No. 65 at 7.) However, the Federal Circuit has casted doubt on this proposition in *Tranxition, Inc. v. Lenovo (United States) Inc.*, 664 F. App'x 968, 972 n.1 (Fed. Cir. 2016) (explaining that although the district court relied on the concurrence in *Ultramercial,* the Federal Circuit was "not persuaded that the district court was correct that a presumption of validity does not apply" in § 101 challenges). While the law is unsettled on whether a presumption of validity applies to a patent, issued pre-*Alice*, in an infringement case brought post-*Alice*, the Court need not and will not address this issue.

5

an outdated legal standard[12] or found a need to deter vexatious and litigious parties.[13] (*See* ECF No 65 at 11-13; ECF No. 69 at 5-8.) Here, there is no need for deterrence—Plaintiff litigated the validity of the '739 Patent for the first time when it opposed the MJP.

**V.   CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion here as they do not affect the outcome of these motions.

It is therefore ordered that Defendants' Motion for Attorney Fees and Expenses (ECF No. 65) is denied.

It is further ordered that Plaintiff's Motion to Strike Affidavit (ECF No. 73) is denied as moot.

DATED THIS 10th day of August 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[12](*See* ECF No. 69 at 5-6 (citing to *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 918 (Fed. Cir. 2012) (requiring that a prevailing party prove by clear and convincing evidence that a losing party brought an objectively baseless case in bad faith)).) *But see Octane*, 572 U.S. at 555, 557 (holding that a district court may find that a case is exceptional where the prevailing party proves by a preponderance of the evidence that presents either subjective bad faith or exceptionally meritless claims).

[13]Defendants' cited cases involved parties who either filed multiple infringement cases or persisted in litigating a position they already lost in court. *See Rothschild*, 858 F.3d at 1389-90 (holding that the party's "vexatious litigation[—totaling 58 cases—]warranted an affirmative exceptional case finding"); *Inventor Holdings, LLC v. Bed Bath & Beyond Inc.,* Case No. CV 14-448-GMS, 2016 WL 3090633, at *3 (D. Del. May 31, 2016), *aff'd*, 876 F.3d 1372 (Fed. Cir. 2017) (awarding attorneys' fees to deter plaintiff who filed two previous patent cases and whose claims were meritless); *Shipping & Transit, LLC v. Hall Enterprises, Inc.*, Case No. CV 16-06535-AG-AFM, 2017 WL 3485782, at *8 (C.D. Cal. July 5, 2017) (awarding attorneys' fees to deter plaintiff who engaged in a pattern of serial filings to obtain a quick settlement); *Edekka LLC v. 3balls.com, Inc.*, Case No. 2:15-CV-541 JRG, 2015 WL 9225038, at *4 (E.D. Tex. Dec. 17, 2015) (awarding attorneys' fees to deter plaintiff who repeatedly offered insupportable arguments and filed a significant number of lawsuits); *Taurus,* 726 F.3d at 1326-28 (holding that case was exceptional where losing party filed multiple, repetitive motions and continued to litigate a position they already lost in court).